

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-3-13
```

**THE CITY OF NEW YORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

LINDA MINDRUTIU
Assistant Corporation Counsel
phone: (212) 788-1177
fax: (212) 788-9776
email: lmindrut@law.nyc.gov

**MEMO ENDORSED**

May 24, 2013

**BY HAND DELIVERY**
Honorable Thomas Griesa
United States District Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:  Diaz et al v. The City of New York, et al.
           13-cv-01169-TPG

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants City of New York and Police Officer Evan Johnson in the above-referenced matter. This case is currently part of the Southern District of New York's Section 1983 Plan. The complaint is brought by three plaintiffs who were all in a car together on November 26, 2011 when they allegedly had an interaction with police officers. According to the complaint, plaintiffs were in plaintiff Porfirio Diaz' car when police officers opened the car door, threw Mr. Diaz to the ground, and arrested him. Plaintiff Marcos Guzman alleges he was slammed against the trunk and arrested. Plaintiff Taveras alleges he was handcuffed and arrested. Plaintiffs bring claims for, inter alia, false arrest, malicious prosecution, and excessive force. Based on this Office's investigation into this matter, it appears that the criminal charges against plaintiff Diaz stemming from his arrest remain pending in Bronx County Criminal Court. Thus, for the reasons set forth herein, defendants respectfully request a stay of the instant civil matter for at least sixty (60) days, pending the conclusion of plaintiff's underlying criminal action. The parties have been hopeful that a stay request would not be necessary and that plaintiff Diaz' criminal case would be resolved at his last criminal court appearance on May 17, 2013, however the case has not been resolved. Plaintiffs' counsel, David Zelman, consents to a stay of the proceedings as to Plaintiff Diaz but not as to Plaintiffs Guzman and Taveras.

*approved*
5/31/13   Thomas P. Griesa

According to the New York State Unified Court System's website ("Webcrims"), http://iapps.courts.state.ny.us/webcrim_attorney/Login, plaintiff's criminal case is still open, with the next court appearance scheduled for June 10, 2013. See also Case Details from the Webrims website, attached as Exhibit A. In the interest of judicial economy, a stay of this matter until the underlying criminal case is resolved is appropriate as the outcome of the criminal matter may affect defendants' response to the complaint and defendant's subsequent discovery in this matter.

It is well settled that a stay of a federal civil rights action pending the outcome of parallel state court criminal proceedings is appropriate for reasons of judicial economy and the resolution of parallel issues. See generally Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) ("[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended."); see also, e.g., Deakins v. Monaghan, 484 U.S. 193, 202 (1988) (Where in a 42 U.S.C. § 1983 ("§ 1983") action, the Court approved of a rule requiring a district court to stay, rather than dismiss, a federal civil action in favor of parallel state proceeding); Mack v. Varelas, 835 F.2d 995, 999-1000 (2d Cir. 1987) (Where, in ordering a stay of a § 1983 action pending the resolution of parallel state criminal proceedings, the Circuit concluded that "postponement of [federal] adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"); Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981) ("[A] federal court is not precluded, in the exercise of its discretion, from staying proceedings in the [civil] action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views."); Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268 (S.D.N.Y. 1995).

Moreover, "the non-criminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b) [or governing state law], expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case." United States v. Certain Real Property, 751 F. Supp. 1060, 1062 (E.D.N.Y. 1989) (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). See also Johnson v. N.Y. City Police Dep't., No. 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003) ("the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case.")

In deciding whether to grant the stay, the Court should consider (1) the private interest of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed, (2) the private interests of, and burden on, the defendants, (3) the convenience of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. Twenty-First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992). Here, it should be noted that plaintiff would not suffer any prejudice if a stay is granted, particularly since the alleged incident occurred in January 2012, the statute of limitations is not an issue requiring the need to immediately proceed with this civil matter.

Moreover, as one court in this Circuit has opined, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Johnson v. N.Y. City Police Dep't., No. 01 Civ. 6570, 2003 U.S. Dist. LEXIS 12111, at *4 (S.D.N.Y. July 16, 2003) (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). Here, both the criminal and civil cases arise out of the same incident: plaintiff Porfirio Diaz' arrest on or about November 26, 2011. There is, therefore, substantial overlap between the criminal and civil cases. Additionally, a conviction in plaintiff Diaz' criminal case would have a substantial impact on this § 1983 action. Should plaintiff Diaz be convicted, any claim for false arrest and malicious prosecution brought by him would be barred. Mack v. Varelas, 835 F.2d 995, 999 (2d Cir. 1987) (stay warranted where one possible outcome of the criminal proceedings could negate an essential element of plaintiff's § 1983 claim); Johnson, 2003 U.S. Dist. Lexis 12111, at *4 (stay granted where civil and criminal actions arose out of the same events and "a conviction in the criminal action would bar [plaintiff's] false arrest and malicious prosecution claims."). See also, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a § 1983 action for false arrest or malicious prosecution is barred if plaintiff was convicted and the conviction was not invalidated).

This office further seeks a stay of this civil suit at this early stage of the litigation to avoid creating the additional discovery obligations in the criminal and civil cases that would arise if an answer to the complaint were required. Before this office may answer the complaint on behalf of the City, we must fulfill our obligation under Fed. R. Civ. P. 11(b) by conducting an investigation into the underlying facts of this case. Such an investigation would require conducting an interview of the arresting officer and any other officer involved in plaintiffs' arrests. As the incident that gives rise to the complaint is also the basis for plaintiff Diaz' pending criminal prosecution, any statements made by involved police officers may create additional discovery obligations for the District Attorney's Office in the criminal matter pursuant to People v. Rosario, 9 N.Y.2d 286 (N.Y. 1961).

On the civil side, the Rosario discovery obligation could serve to vitiate the confidentiality of attorney-client communications in the present lawsuit. Furthermore, because of the Fifth Amendment protections afforded criminal defendants, defendant may be unable to obtain information, discovery or testimony from plaintiff Diaz until the conclusion of his criminal case. Additionally, the District Attorney's Office will not turn over its file related to the criminal prosecution while the criminal case is still pending. Defendants respectfully submit that any prejudice to plaintiffs caused by staying this matter would be minimal.

Defendants further submit that a stay of this case would be in the interest of the Court and the public, as civil discovery could be streamlined with the benefit of transcripts from the criminal proceedings and rulings from the criminal court. Johnson, 2003 U.S. Dist. LEXIS 12111, at **5-6 (citing Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981)). Additionally, a conviction in the criminal case could have a preclusive effect on some of the claims of the complaint, such as false arrest, imprisonment and/or illegal search, thereby narrowing the issues before the Court in the civil suit. See Diggs v. N.Y. Police Dep't, 04 Civ. 1849 (CBA)(LB), 2005 U.S. Dist. LEXIS 38244, at *6-*7 (E.D.N.Y. Dec. 22, 2005) (quoting Allen v. McCurry, 449 U.S. 90, 102 (1980)) (collateral estoppel "applies when § 1983 plaintiffs attempt to relitigate in federal court issues decided against them in state criminal proceedings."); Houston v. N.Y. State Troopers, 96 Civ. 1987 (DAB), 1997 U.S. Dist. LEXIS 15999, at *5-*6 (S.D.N.Y.

Oct. 10, 1997) ("it is well-established that a defendant who pleads guilty waives any challenge to the constitutionality of his arrest, interrogation, search and prosecution."). Hence, the resolution of plaintiff Diaz' criminal case carries with it the possibility of significantly simplifying the present action.

Defendants further submit that because the plaintiffs all have claims arising out of the same incident, a stay of this entire matter as to all plaintiffs is warranted. According to the complaint, all three plaintiffs were in the same car when they were arrested. Therefore, each of the plaintiffs would have been a witness to the interactions between police officers and the other two plaintiffs. Consequently, the three plaintiffs' claims are intertwined (further evident by the fact that the plaintiffs brought this lawsuit together in one complaint). Any police officers on scene may have been witnesses to all three plaintiffs' interactions with police officers, thereby making any defenses and testimony about the incident intertwined. Thus, for example, when testifying about their interactions with plaintiffs Guzman and Taveras, a police officer would necessarily also discuss the interaction with plaintiff Diaz. This would create Rosario issues discussed above and would make depositions as to only parts of the incident impractical. Therefore, Defendants respectfully submit that a full stay of the entire case would be most appropriate.

While the entry of a stay is, of course, a matter for the Court's discretion, defendants respectfully submit that on balance, the factors outlined above warrant such action in this case. Should the Court grant this request, it is further respectfully requested that defendants be permitted two weeks from the time such stay is lifted to answer or otherwise respond to the complaint.

Accordingly, for the reasons set forth above, Defendants respectfully request a stay of the instant civil matter until July 22, 2013. Defendants propose updating the Court on July 22, 2013 about the status of the plaintiff's criminal court proceeding, should a further request for a stay be necessary at that time.

I thank the Court for its consideration of this request.

Respectfully submitted,

Linda Mindrutiu
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: *Via Email*
David Zelman, attorney for plaintiffs