UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PORFIRIO DIAZ, FURCY TAVERAS, and
MARCOS GUZMAN JR.

                          Plaintiffs,

   -against-

THE CITY OF NEW YORK, POLICE OFFICER
EVAN JOHNSON, shield #11101, POLICE
OFFICER JOHN REIBER, shield #7101,
SERGEANT SASHA ROSEN, shield #5061,
POLICE OFFICER JOHN FERRARA, shield #2628,
POLICE OFFICERS JANE/JOHN DOE(S), #'s 1-10,

                         Defendants.
-------------------------------------------------------X

**<u>AMENDED COMPLAINT</u>**

PLAINTIFFS DEMANDS
TRIAL BY JURY

13-CV-1169 (KBF)

PLAINTIFFS PORFIRIO DIAZ, FURCY TAVERAS, and MARCOS GUZMAN, by their attorney DAVID A. ZELMAN, ESQ., for their AMENDED COMPLAINT, allege upon information and belief, as follows:

## I. <u>PRELIMINARY STATEMENT</u>

1.    This is a civil rights action in which PORFIRIO DIAZ, FURCY TAVERAS, and MARCOS GUZMAN JR. (hereinafter "Plaintiffs") seek damages to redress the deprivation, under color of state law, of rights secured to them under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. On or about November 26, 2011, at approximately 11:45 P.M., in a car parked on East Tremont between Morris Avenue and Walton Avenue, Bronx, New York, Plaintiffs were falsely arrested by Defendants, including, but not limited to, POLICE OFFICER EVAN JOHNSON, shield # 11101, POLICE OFFICER JOHN REIBER, shield #7101, SERGEANT SASHA ROSEN, shield #5061, and POLICE OFFICER JOHN FERRARA,

shield #2628 (hereinafter "Defendants"). It is alleged that Defendants falsely arrested Plaintiffs with excessive force and maliciously prosecuted them in violation of their constitutional rights. As a result of the violation of their constitutional rights, Plaintiffs suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. § 1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFFS' state law claims.

## III. PARTIES

3. PORFIRIO DIAZ (hereinafter "DIAZ") at all times relevant hereto resided in Bronx County, New York.

4. FURCY TAVERAS (hereinafter "TAVERAS") at all times relevant hereto resided in Bronx County, New York.

5. MARCOS GUZMAN JR. (hereinafter "GUZMAN") at all times relevant hereto resided in Bronx County, New York.

6. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

7. Defendant POLICE OFFICER EVAN JOHNSON, shield # 11101 (hereinafter "JOHNSON") was an NYPD police officer, and at all times relevant hereto, acted in that

capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. JOHNSON is sued in his official and individual capacity.

8. Defendant POLICE OFFICER JOHN REIBER, shield #7101 (hereinafter "REIBER") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. REIBER is sued in his official and individual capacity.

9. Defendant SERGEANT SASHA ROSEN, shield #5061 (hereinafter "ROSEN") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of her employment. ROSEN is sued in her official and individual capacity.

10. Defendant POLICE OFFICER JOHN FERRARA, shield #2628 (hereinafter "FERRARA") was an NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment. FERRARA is sued in his official and individual capacity.

11. Defendants POLICE OFFICERS JANE/JOHN DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

12. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances,

regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

13. On or about November 26, 2011, Plaintiffs were in DIAZ's parked car on East Tremont between Morris Avenue and Walton Avenue, Bronx, NY.

14. JOHNSON and other police officers from the 46th Precinct approached DIAZ's car, opened the car door and pulled him out of the car.

15. JOHNSON threw DIAZ on the ground, handcuffed him, and assaulted him.

16. Additional officers forcibly pulled TAVERAS and GUZMAN from the car. One police officer slammed GUZMAN against the trunk of the vehicle before placing handcuffs on both GUZMAN and TAVERAS.

17. Plaintiffs were then arrested and transported to the 46th Precinct.

18. DIAZ was strip searched at the Precinct.

19. DIAZ lost consciousness at the precinct and was transported to Saint Barnabus Hospital, where he was treated for his injuries. DIAZ was diagnosed with a concussion and was held at Saint Barnabus Hospital for approximately 2 hours.

20. DIAZ was then transported back to the precinct, where he was held for several more hours.

21. GUZMAN and TAVERAS were issued tickets at the precinct.

22. On the morning of November 27, 2011, TAVERAS and DIAZ were transported to Central Booking in the Bronx.

23. On the morning of November 27, 2011, GUZMAN was transported to 100 Centre Street, New York, NY where he appeared before a judge and was released on his own recognizance.

24. TAVERAS was released from Central Booking in the evening of November 27, 2011 without seeing a judge.

25. GUZMAN and TAVERAS received adjournments in contemplation of dismissal when they made their court appearances on February 8, 2012.

26. DIAZ was charged with attempted assault in the third degree (P.L. §110/120.00(1)), operating a motor vehicle while under the influence of alcohol or drug (V.T.L. §§1192(1), 1192(4)), and harassment in the second degree (P.L. §240.26(1)).

27. Charges against DIAZ are still pending. DIAZ has made several court appearances to date.

28. As a result of the assault by Defendants, Plaintiff DIAZ went back to the hospital approximately four times in late November and early December and was treated for post-concussion symptoms and a low heart rate.

29. On the 3rd day of February, 2012, Plaintiffs' Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of DIAZ, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

30. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. <u>FIRST CAUSE OF ACTION</u>
Pursuant to § 1983 (FALSE ARREST)

31. Paragraphs 1 through 30 of this complaint are hereby realleged and incorporated by reference herein.

32. That Defendants had neither valid evidence for Plaintiffs' arrest nor legal cause or excuse to seize and detain them.

33. That in detaining Plaintiffs without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiffs were but three of those persons.

34. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

35. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated. In addition, the City of New York had and has a policy, custom, and/or practice of detaining persons for an excessive period of time prior to arraignment.

36. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

6

37. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

38. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

39. Paragraphs 1 through 38 are hereby realleged and incorporated by reference herein.

40. That the seizure, detention and imprisonment of Plaintiffs was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison them.

41. That Defendants intended to confine Plaintiffs.

42. That Plaintiffs were conscious of the confinement and did not consent to it.

43. That the confinement was not otherwise privileged.

44. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiffs' rights, deprived them of their liberty when they subjected them to an unlawful, illegal and excessive detention, in violation of State law.

45. That by reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
## Pursuant to §1983 (EXCESSIVE FORCE)

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

48. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrests.

49. That Defendants violated Plaintiffs' Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against them.

50. That at the time of the arrest or while in custody, Plaintiffs did not pose a threat to the safety of the arresting officers.

51. That Plaintiffs were not actively resisting arrest or attempting to evade arrest.

52. That defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiffs to excessive force while effectuating their arrest.

53. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

54. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating their arrest, in violation of their rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

55. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiffs' civil rights, including but not limited to the right to be free from the application of excessive force.

56. That upon information and belief, in 2011, Defendants and CITY had a policy or routine practice of using excessive force when effectuating arrests.

57. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

58. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

59. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

60. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

61. Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

9

63. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

64. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiffs' arrests or after Plaintiffs were arrested and in custody.

65. That at the time of the arrest, Plaintiffs did not pose a threat to the safety of the arresting officers.

66. That Plaintiffs were not actively resisting arrest or attempting to evade arrest.

67. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

68. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, subjected Plaintiffs to excessive force while effectuating their arrests, in violation of the laws of the State of New York.

69. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiffs' civil rights, including but not limited to the right to be free from the application of excessive force.

70. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

71. Paragraphs 1 through 70 are hereby realleged and incorporated by reference herein.

72. That Defendants with malicious intent, arrested DIAZ and initiated a criminal proceeding despite the knowledge that DIAZ had committed no crime.

73. That all charges against DIAZ were or will be terminated in his favor.

74. That there was no probable cause for the arrest and criminal proceeding.

75. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of DIAZ's rights, deprived DIAZ of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

76. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, DIAZ was maliciously prosecuted despite the fact that he had committed no violation of the law.

77. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

78. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

79. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

80. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

81. That upon information and belief, in 2011, defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

82. That by reason of the foregoing, DIAZ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

83. Paragraphs 1 through 82 are hereby realleged and incorporated by reference herein.

84. That Defendants acted with malicious intent, arrested DIAZ and initiated a criminal proceeding despite the knowledge that DIAZ had committed no crime.

85. All charges against DIAZ are either still pending or have been dismissed or otherwise adjudicated.

86. That there was no probable cause for the arrest and criminal proceedings.

87. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of DIAZ's rights, deprived DIAZ of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

88. That by reason of the foregoing, DIAZ suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages

including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to § 1983 (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

89. Paragraphs 1 through 88 are hereby realleged and incorporated by reference herein.

90. That Defendants had no legal cause nor excuse to detain Plaintiffs for a prolonged period prior to arraignment.

91. That Defendants detained Plaintiffs excessively prior to arraignment in violation of Plaintiffs' civil rights.

92. That Defendants should have expeditiously investigated this matter and released Plaintiffs.

93. By reason of Defendants' acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when it subjected them to an unlawful, illegal and excessive detention, in violation of their due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

94. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

95. That upon information and belief, in 2011, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

96. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby

failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

97. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

98. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

99. That Defendants, through its officers, agents and employees, unlawfully incarcerated Plaintiffs for an excessive period of time prior to arraignment.

100. By reason of the foregoing, Plaintiffs suffered mental injuries, economic injury, deprivation of property, liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
Pursuant to § 1983 (Denial of Fair Trial)

101. Paragraphs 1 through 100 are hereby realleged and incorporated by reference herein.

102. By fabricating evidence, defendants violated DIAZ's constitutional right to a fair trial.

103. Defendants were aware or should have been aware of the falsity of the information used to prosecute DIAZ.

104. As a result of the above constitutionally impermissible conduct, DIAZ was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XIII. NINTH CAUSE OF ACTION
### Pursuant to § 1983 (ILLEGAL STRIP SEARCH)

105. Paragraphs 1 through 104 are hereby realleged and incorporated by reference herein.

106. That Defendants strip searched DIAZ absent a requisite reasonable suspicion that DIAZ was concealing weapons and/or contraband.

107. That Defendants had no legally sufficient cause to strip search DIAZ.

108. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of DIAZ's rights, subjected DIAZ to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

109. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XIV. TENTH CAUSE OF ACTION
### Pursuant to State Law (ILLEGAL STRIP SEARCH)

110. Paragraphs 1 through 109 are hereby realleged and incorporated by reference herein.

111. That Defendants strip searched DIAZ absent a requisite reasonable suspicion that DIAZ was concealing weapons and/or contraband.

112. That Defendants had no legally sufficient cause to strip search DIAZ.

113. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of DIAZ's rights, subjected DIAZ to an illegal strip search violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

114. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XV. ELEVENTH CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

115. Paragraphs 1 through 114 are hereby realleged and incorporated by reference herein.

116. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

117. That at all times Defendants were acting within the scope of their employment.

118. That Defendant CITY was able to exercise control over Defendants activities.

119. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiffs suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress.

WHEREFORE, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from November 26, 2011 and

4. Awarding Plaintiffs reasonable attorneys' fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court deems proper.

DATED: Brooklyn, New York
October 16, 2013

_____
DAVID A. ZELMAN, ESQ.
(DZ 8978)
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072